UNITED STATED DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MANAGEMENT PROPERTIES, LLC,
A Florida Limited Liability Company,

    Plaintiff,

v.   Case No.:

TOWN OF REDINGTON SHORES,
FLORIDA,

    Defendant.
_____/

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff, MANAGEMENT PROPERTIES, LLC ("Plaintiff"), sues Defendant, TOWN OF REDINGTON SHORES, FLORIDA, and alleges as follows:

**PARTIES JURSIDICTION AND VENUE**

1.    Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for violation of its rights under the Fourth and Fourteenth Amendments of the United States Constitution and for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

2.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C §1367(a), because Plaintiff's state law claims form a part of the same case or controversy and arise out of a common nucleus of operative facts.

3.    Plaintiff operates a vacation rental business out of the single family beachfront home located at 17820 Lee Ave, Redington Shores, Florida, and within jurisdictional border of the Town of Redington Shores, Florida.

4. Defendant, TOWN OF REDINGTON SHORES, FLORIDA ("Town"), is a municipality organized under the laws of Florida and located in Pinellas County.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the TOWN OF REDINGTON SHORES, FLORIDA is a municipality located within the District.

## BACKGROUND FACTS

6. Plaintiff operates a vacation rental business out of 17820 Lee Ave, Redington Shores, Florida, which is located within the Town's Commercial Tourist Facility ("CTF") zoning district. The 17820 Lee Ave property has consistently been used for vacation rental purposes since 2017. Plaintiff utilizes a variety of peer-to-peer platforms to market and facilitate its vacation rental business.

7. Until August 5, 2020, the Town did not have any ordinances in place restricting the use of single family homes within the CTF district for short term or vacation rental purposes.

8. Under Florida law, the regulation of public lodging establishments, which includes vacation rentals, is preempted to the state. Specifically, section 509.032(7)(a) provides that

> The regulation of public lodging establishments and public food service establishments, including, but not limited to, sanitation standards, inspections, training and testing of personnel, and matters related to the nutritional content and marketing of foods offered in such establishments, is preempted to the state. This paragraph does not preempt the authority of a local government or local enforcement district to conduct inspections of public lodging and public food service establishments for compliance with the Florida Building Code and the Florida Fire Prevention Code, pursuant to ss. 553.80 and 633.206.

9. In 2011, the Florida legislature adopted 509.032(7)(b) which provided:

> A local law, ordinance, or regulation may not restrict the use of vacation rentals, prohibit vacation rentals, or regulate vacation rentals based solely on their classification, use, or occupancy. This paragraph does not apply to any local law, ordinance, or regulation adopted on or before June 1, 2011.

10. In 2014, 509.032(7)(b) was amended to read:

> A local law, ordinance, or regulation may not prohibit vacation rentals or regulate the duration or frequency of rental of vacation rentals. This paragraph does not apply to any local law, ordinance, or regulation adopted on or before June 1, 2011.

11. Since 2017, when the property started being used for vacation rental purposes, the Town, led by its Mayor, Marybeth Henderson, who two houses to the North on Lee Avenue, became increasingly hostile to vacation rentals in the area. The property located at 17820 Lee Ave was routinely, and almost exclusively, identified in public meetings relating to the Town's efforts to regulate vacation rental properties.

12. On August 5, 2020, the Town adopted Ordinance 20-06, which purports to regulate vacation rental use within the CTF district. A Copy of Ordinance 20-06 is attached as Exhibit "A."

13. According to the stated purpose of Ordinance 20-06:

> WHEREAS, if unregulated, vacation rentals can create negative compatibility impacts in residential neighborhoods, including disruption of the character of residential neighborhoods, excessive noise, parking that overwhelms use by local residents, and accumulation of trash, as well as diminished public health, safety, and welfare; and
>
> WHEREAS, these regulations provide requirements that apply to those who wish to offer and use vacation rentals, as well as to the platform entities that facilitate vacation rentals in the community; and
>
> WHEREAS, to protect residential neighborhoods in the Town from disruptive and incompatible uses and to protect the health, safety and welfare of the community, the Commission wishes to enact regulations pertaining to vacation rentals

14. Ordinance 20-06 goes on to create Section 90-116 of the Town's code which outlines a comprehensive regulatory scheme governing the operation of vacation rental properties within the Town.

15. In particular, anyone wishing to use a property for vacation rental purposes must submit a Certificate of Use application to the Town and provide under oath, certain information

relating to the vacation rental business that the applicant intends to operate, including but not limited to: the names of all peer-to-peer platforms or entities on which the vacation rental will be listed, insurance information, the name and contact information of the party who will be responsible for operating the vacation rental property, and an acknowledgement that the vacation rental will be operated in compliance with the terms set forth in the ordinance.

16. The newly created Section 90-116 further requires that a register of all guests, and their invitees be kept and made available for inspection by the Town, and that the vacation rental property itself be made available for inspection by the Town at the Town's discretion, to ensure compliance with all applicable code requirements. Additionally, Section 90-116 requires peer-to-peer entities offering vacation rentals within the Town provide the Town with a monthly report disclosing the number of vacation rental listings relating each property offered for rent.

17. Section 90-116 also requires that peer-to-peer platforms listing vacation rental properties submit monthly reports to the Town detailing the number of listings and nights each property was rented.

18. Section 90-116 also purports to set a maximum overnight occupancy for vacation rental properties.

19. All conditions precedent to the filing of this action have be satisfied or have been otherwise waived.

### COUNT I – VIOLATION OF FOURTH AMENDMENT

20. Plaintiff re-alleges paragraphs 1 through 19 as set forth above.

21. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the Town of Redington Shores, Florida.

22. On August 5, 2020, the Town adopted Ordinance 20-06 which amended the Code of the Town of Redington Shores to add Section 90-116 for the purposes of regulating vacation rental use within the Town's CTF district.

23. Numerous provisions contained within the newly added Section 90-116 violate Plaintiff's rights under the Fourth Amendment in that they purport to require Plaintiff to make its property, as well as its business records, available to the Town for inspection at the Town's discretion without a warrant.

24. Specifically, Section 90-116(C)(5) requires that:

Upon the issuance or renewal of a Certificate of Use, the vacation rental property shall be subject to inspection, at the Town's discretion, to ensure compliance with all applicable code requirements. At the time of such inspection, at the request of the Town, the responsible party shall provide all licenses, records and other documentation sufficient to demonstrate compliance with all requirements of this section.

25. Section 90-116(C)(2)(d) further requires that a property owner operating a vacation rental property "Maintain a register with names and dates of stay of all guests, including but not limited to all transient occupants and their invitees, which shall be open to inspection by the Town."

26. Section 90-116(D)(1)(b)(ii) further requires peer-to-peer platforms provide monthly reports to the Town disclosing the number of listings and rentals for each vacation rental property listed in the Town.

27. Thus, the plain language of Section 90-116 authorizes the Town to inspect a property owner's vacation rental property and related business records without first obtaining a warrant.

28. Further, Section 90-116(C) requires all property owners intending to use their properties for vacation rental purposes to obtain a Certificate of Use from the Town. A property

may not be used for vacation rental purposes without a Certificate of Use from the Town. However, in order to obtain a Certificate of Use, Section 90-116(C)(1) requires that a property owner submit an application consenting to the regulations set forth in Section 90-116, including the inspection of the vacation rental property itself and the related vacation rental records.

29. Violations of 90-116 may result in fines up to $2,500 and can also result in the revocation of the Certificate of Use.

30. Thus, as an express condition to operating a vacation rental property, property owners waive their Fourth Amendment rights and consent to warrantless inspections of their vacation rental property business records.

31. The Town does not have a compelling, or even a legitimate interest, that would justify warrantless searches and neither Section 90-116 nor any other Town code provision does not contain sufficient rules and procedures governing the conduct of warrantless searches to provide a constitutionally adequate substitute for a lawfully issued warrant.

32. Further, since the Town does not have the authority to regulate vacation rentals or matters relating to the operation of vacation rentals, the Town does not appear to have a legitimate basis for any of the required inspections of the premises or vacation rental business records.

33. Sections 90-116(C), 90-116(C)(5), 90-116(C)(2)(d) and 90-116(D)(1)(b)(ii) are facially unconstitutional as they authorize the Town to inspect the vacation rental premises and related vacation rental business records without a warrant in violation of the Fourth Amendment.

34. Further, 90-116(C) places an unconstitutional condition on property owner's business' right to conduct business within the Town by requiring owners of vacation rental properties to waive their Fourth Amendment Rights and consent to warrantless inspections of their properties and business records.

WHEREFORE, Plaintiff, demands judgment against Defendant, Town of Redington Shores, Florida, for declaratory relief finding that the Section 90-116 of the Town Code is unconstitutional on its face, injunctive relief prohibiting the Town from conducting warrantless searches or inspections of Plaintiff's vacation rental properties pursuant to Section 90-116, nominal damages to vindicate Plaintiff's constitutional rights, an award of attorneys' fees and costs pursuant to 42 U.S.C. 1988, and all other relief that is just and proper.

**COUNT II – PREEMPTION UNDER STATE LAW**

35. Plaintiff re-alleges paragraphs 1 through 19 as set forth above.

36. Prior to August 5, 2020, the Town did not have any ordinances in place restricting or otherwise regulating vacation rental properties.

37. On August 5, 2020, the Town adopted Ordinance 20-06 which amended the Code of the Town of Redington Shores to add Section 90-116 for the purposes of regulating vacation rental use within the Town's CTF district.

38. Section 90-116 sets forth a comprehensive regulatory scheme regarding the operation of vacation rental properties, including but not limited to specifying the records to be kept, financial and tax reporting requirements, inspection requirements, insurance requirements, and maximum occupancy requirements unrelated to building code and fire safety regulations.

39. In addition to requiring vacation rental operators to maintain certain records relating to their rental activities, including, but not limited to records of the names and addresses of guests and financial information relating to the business, which records are subject to inspection by the Town, as set forth in Sections 90-116(C) and (D), Section 90-116(D)(3) also purports to set a maximum overnight occupancy for the vacation rental, unrelated to the applicable fire and building

codes, of two persons per permitted bedroom plus two additional persons per property up to a maximum of 12 persons per property.

40. Violations of Section 90-116 may result in fines up to $2,500 and can also result in the revocation of the Certificate of Use for a period of up to 12 months. Further, because section 90-116 incorporates all applicable laws and code provisions, and mandates compliance with the same, a violation of any Town code provision can result in a fine up to $2,500 and suspension of the Certificate of Use.

41. Property owners and those responsible for managing the property are also jointly and severally liable for any violations committed by their guests or peer-to-peer entities used to list the properties.

42. However, Section 509.032(7)(a) specifically preempts to the state the regulation of public lodging establishments, including vacation rentals, except that local governments may still enforce applicable building and fire safety codes.

43. Further, pursuant to Section 1(a), Article VII of the Florida Constitution, all taxing powers belong to the state except for those powers specifically granted to local governments by statute. Local governments do not have the authority to levy, regulate, or otherwise enforce taxes relating to vacation rental properties.

44. Because all regulations of public lodging establishments, including vacation rentals, are preempted to the state, with the exception of building and fire safety codes, and because municipalities do not have the power to regulate or enforce matters of taxation relating to vacation rental properties, the regulatory scheme set forth in Section 90-116 violates the Florida Constitution and is invalid in that it purports to exercise powers that are preempted to the State.

45. Section 90-116 is also invalid in that it purports to condition a property owner's ability to operate a property upon obtaining a Certificate of Use and complying with the Town's regulatory scheme that relates to matters preempted to the state.

46. However, Section 509.032(7)(b) specifically provides that a local government may not prohibit vacation rentals or regulate the duration or frequency of rentals. The Town does not have the power to prohibit or otherwise restrict a property owner from operating a vacation rental property based upon a failure to obtain a Certificate of Use and otherwise complying with the Town's regulatory scheme.

47. Additionally, in the absence of a building code or fire safety regulation, the Town likewise does not have the power to regulate the maximum occupancy of vacation rental properties because such regulation is preempted by 509.032(7)(a) and because such regulation also violates 509.032(7)(b) as it operates to prohibit or otherwise vacation rentals based upon duration or frequency.

48. Plaintiff has a bona fide, actual, present practice need for a declaration concerning their rights and the validity of the Ordinance.

WHEREFORE, Plaintiff MANAGEMENT PROPERTIES, LLC, respectfully request that this court enter a declaratory judgment declaring the regulatory scheme set forth in Section 90-116, as adopted by Ordinance 20-06, void, an award of attorneys' fees and costs pursuant to 57.112(2), Florida Statutes, and all other relief that is just and proper.

Dated: December 15, 2020

                                                  s/ Joseph P. Kenny
                                               Joseph P. Kenny, Esquire
                                               FBN: 59996
                                             WEBER, CRABB & WEIN, P.A.

           5453 Central Avenue
           St. Petersburg, FL  33710
           Telephone: (727) 828-9919
           Facsimile: (727) 828-9924
           Emails: joseph.kenny@webercrabb.com
              sandra.peace@webercrabb.com
           ATTORNEY FOR PLAINTIFF